ELIZABETH CHICHESTER, as Personal
Representative of the Estates of GEORGE
P. COOK, deceased,

      Plaintiff,

v.                                  CASE NO: 8:11-cv-2799-T-26MAP

POSEY GENE COOK and
TONEY'S FORK LAND, LLC,

      Defendants.

_____/

## O R D E R

      Before the Court is Defendant Posey Gene Cook's Motion to Dismiss (Dkt. 10)
and Plaintiff's Response. (Dkt. 17). After careful consideration of the submissions of the
parties and the file, the Court concludes that the motion should be denied.

## ALLEGATIONS OF THE COMPLAINT

      This is an action grounded in diversity of citizenship for declaratory relief, seeking
to declare a corrective deed dated June 6, 2008, null and void, and a portion of the deed
and coal lease dated October 24, 2008, which is dependent upon the corrective deed, null
and void. The complaint further seeks a declaration that the estate of George P. Cook is

the beneficial owner of the land, rights and privileges bequeathed to him under the will of George W. Cook, Jr.[1]

The underlying facts of this action are as follows. On April 11, 1962, George W. Cook, Jr., a resident of West Virginia, died. His will bequeathed certain lands and mineral rights to his five children.[2] (Dkt. 1, Exh. A). One of his sons was George Posey Cook, a resident of Florida, who died on March 20, 1999.[3] Contemporaneously with this action, the will of George P. Cook is the subject of probate proceedings in Hernando County, Florida. See In Re: Estate of Geroge P. Cook, No. H-27-CP-2011-001223, pending in the Fifth Judicial Circuit, in and for Hernando County, Florida.[4] The probate action was not filed until September 19, 2011, some eleven years after his death, by a petition for administration through Elizabeth Cook Chichester as personal representative.[5] In the Florida probate action, the state circuit court judge entered an Order Admitting

---

[1] George W. Cook, Jr., is the testator's name in the 1957 will; however, in these proceedings he is also referred to as simply George W. Cook.

[2] His five children included Zelma Cook, George Posey Cook, Paul Kennis Cook Lowell Jennings Cook, and Robert Cook.

[3] While it is unclear exactly what happened to George W. Cook, Jr.'s will, it appears as though the disposition of the real property in West Virginia, which is the subject of the corrective deed at issue in this action, was not resolved. The complaint alleges that Lowell Jennings Cook was the personal representative of George W. Cook, Jr.'s estate.

[4] This Court takes judicial notice of the probate file, as requested in and filed at docket 11 in this action.

[5] See docket 11 at p. 35 (Petition for Administration).

Copy of Will and Original Codicil to Probate and Appointing Personal Representative on November 14, 2011. The following five children are the beneficiaries of George P. Cook pursuant to the will: Elizabeth Cook Chichester (Plaintiff in this case), Posey Gene Cook (Defendant in this case), Jerry L. Cook, James D. Cook, and Kathy Cook Lambson.

It is uncontested that prior to the death of George P. Cook, he gave his son Posey Gene Cook, the Defendant in this case, a durable power of attorney on May 17, 1996. According to the allegations of the complaint, Posey Gene Cook requested the power of attorney so that he could manage the property and otherwise take care of George P. Cook's inheritance in West Virginia. Prior to the power of attorney, however, a will, the authenticity of which is contested by Posey Gene Cook in the contemporaneous probate proceedings, was executed by George P. Cook on October 5, 1994.[6] The will appointed his wife the personal representative, and alternatively, if she was not alive, then his daughter Elizabeth Cook Chichester.

After the power of attorney was obtained in favor of Posey Gene Cook, a codicil to the will of George P. Cook was executed on June 26, 1996. The codicil recognized that

---

[6] Posey Gene Cook has filed a motion to vacate the Order Admitting Copy of Will and Original Codicil to Probate and Appointing Personal Representative in the Hernando County probate proceedings. In the motion, he argues that no original of the will was filed with the probate court and the codicil fails to reference the will or incorporate it by reference. He contends that Florida's procedure for admitting a lost or destroyed will was not followed in that he was not given formal notice of the proceedings and no evidence of a lost will was submitted. Posey Gene Cook refused to consent to the copy that was admitted.

Posey Gene Cook[7] was "protecting my inheritance and insuring that my wife will benefit from any income in the event of my demise, and that my children will own everything equally that I have inherited or am entitled to inherit from my father [George W. Cook, Jr.]." On August 28, 1997, while George P. Cook was still alive, Posey Gene Cook used the power of attorney to deed to himself some property inherited from George W. Cook, Jr. According to the complaint, the property deeded, however, was not land or rights inherited by George P. Cook. Almost ten years after George P. Cook died in 1999, on June 6, 2008, Posey Gene Cook caused to be recorded a corrective deed, correcting the description of the real property in West Virginia. The signature on the corrective deed was "Posey Gene Cook, by durable power of attorney for George Posey Cook, Executor of the estate of." Thereafter on October 24, 2008, a Memorandum of Coal Lease, which referred to a coal mining lease, was entered into between Posey Gene Cook and other relatives and Toney's Fork Land, LLC, and was recorded in the public records of West Virginia.

## STANDING

Defendant Posey Gene Cook files this motion to dismiss asserting first that Plaintiff Elizabeth Cook Chichester lacks standing as a personal representative of George P. Cook's estate. Specifically, Defendant challenges her appointment as personal representative in the concurrent probate proceedings. Plaintiff argues to this Court,

---

[7] Posey Gene Cook is a resident of Tennessee.

essentially, that Defendant will lose his argument before the probate court. This Court defers to the probate court to decide the issue before it with respect to whether its Order Admitting Copy of Will and Original Codicil to Probate and Appointing Personal Representative should be vacated pursuant to Defendant's motion pending there. Until such time as that determination is made, however, Plaintiff has standing as the personal representative of the estate of George P. Cook to bring this declaratory action.

## PERSONAL JURISDICTION

Defendant, a resident of Tennessee, filed an affidavit contesting long-arm jurisdiction in Florida. Relying on the allegations of the complaint, the Plaintiff contends that Florida's long-arm statute, particularly section 48.193(b), is satisfied because Defendant allegedly committed a tortious act in Tennessee that caused harm in Florida to the estate of George P. Cook. See Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that out-of-state website used to infringe trademark of Florida holder of mark constitutes § 49.193(b) jurisdiction). Defendant asserts that if his sole act of signing the corrective deed with his Florida-derived power of attorney in Tennessee comports with section 48.193(b), then anyone acting on a Florida-based power of attorney in any other state may be haled into Florida, without more. The complaint in this case, however, alleges more than just acting on a power of attorney.

The allegations of the complaint allege that Defendant knowingly used an expired, and therefore nonexistent, power of attorney for the purpose of correcting a deed to

include property covered under the will of George P. Cook.  In addition to the use of the power of attorney after the principal died, he also signed the corrective deed as the executor of the will.  Nowhere in the will that is the subject of the probate proceedings, is there any mention of Defendant as a possible personal representative.  If there is another will, or if the will in the probate proceedings is not proven, then these allegations may prove incorrect.  Nevertheless, based on the pleadings, with nothing in the Defendant's affidavit to the contrary, this action alleges a claim that hinges on conduct that could have been tortious out of state and resulted in damage to the Florida estate.  Consequently, Florida's long-arm statute is satisfied.

With respect to the aspect of the constitutional due process considerations of minimum contacts and traditional notions of fair play, intentional torts may warrant the exercise of personal jurisdiction over a nonresident defendant who has no other contacts with the forum.  Licciardello, 544 F.3d at 1285.[8]  The allegations of the complaint, which are not negated by the affidavit in this respect, do not indicate that the act was mere negligence or would not have the effect of causing injury to the personal representative of the Florida estate.  The actions alleged denote purposeful, intentional conduct directed toward the Florida estate.  Therefore, traditional notions of fair play have not been abandoned on this record.

---

[8]  See also New Lennox Indus. v. Fenton, 510 F.Supp.2d 893, 904 (M.D. Fla. 2007).

## SUBJECT MATTER JURISDICTION AND VENUE

Generally, a court lacks subject matter jurisdiction to determine the title to land located outside its geographical jurisdiction. See, e.g., Beepot v. J.P. Morgan Chase Nat'l Corporate Servs., Inc., 2011 WL 4529604, at * 8 n. 13 (M.D. Fla. 2011) (citing Florida's "local action rule" denominating foreclosure action as *quasi in rem*, required to be brought in county where land is situated) (citations omitted).  This action, however, seeks declaratory relief with regard to whether the corrective deed may be enforced against the estate, and, as such, it is not an *in rem* action to determine title to the property located in West Virginia.  See Fisher v. Virginia Elec. & Power Co., 243 F.Supp.2d 538, 551 n. 10 (E.D. Va. 2003) (citing Purcell v. Summers, 126 F.2d 390, 395 (4th Cir. 1942), which states that declaratory judgment is not *in rem* even though rights of property may be dependent upon it).  Were Plaintiff seeking a determination as to the title to the land located in West Virginia, this Court would not have subject matter jurisdiction under the local action rule.[9]

It is therefore **ORDERED AND ADJUDGED** that Defendant Posey Gene Cook's Motion to Dismiss (Dkt. 10) is **DENIED.**  Defendant Cook shall file his answer and defenses to Plaintiff's complaint within ten (10) days of this order.  Additionally, the parties are directed to provide a status report to this Court when the probate court rules on

---

[9]  See, e.g., Hayes v. Gulf Oil Corp., 821 F.2d 285 (5th Cir. 1987).

the pending motion to vacate the order admitting the copy of the will and appointing the personal representative.

**DONE AND ORDERED** at Tampa, Florida, on February 10, 2012.


___s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record